Jones, J.
It is urged by the relator that the renewal franchise of October 13, 1920, is void for the reason that it was made in contravention of Section 9102, General Code. That section reads as follows:
“After such grant, or the renewal of any grant has been made, by general or special ordinance, or the order of county commissioners, neither the municipality nor commissioners shall release a *554 grantee from any obligations or liabilities imposed by the terms of the grant, or renewal of any grant, during the term for which such grant or renewal was made.”
It is conceded by the pleadings that the second franchise omitted the provisions of the first relating to the rate of fares to be charged to certain outlying points and the frequency of city-service operation between the Big Four Crossing and High street in Columbus. It is therefore claimed that by this second grant the board of county commissioners released the traction company from those obligations imposed by the terms of the first grant, and that because it did so the second grant is void.
What is meant by the clause “release the grantee from any obligations or liabilities imposed by the terms of the grant ’ ’ ? Evidently it was not intended to mean that an interurban company and the board of county commissioners, or a utility and a municipality, could never modify stipulations of an existing grant in case the modification should be mutually beneficial. Such a construction cannot be so narrowly applied, and if strictly construed might be disadvantageous not only to the utility but to the jjublic. This clause means, and we think it has been so held by this court, that such obligations may not be released except for a consideration advantageous to the public. This was the effect of the holding in Clement v. City of Cincinnati, 16 Wkly. Law Bul., 355, decided by Judges Harmon, Force and Peck in superior court general term. In that case there was an existing grant to a street railway company, operated by the use of horses, at certain specified rates. A second grant was made for a period of 25 years *555 authorizing an increase of rates upon the change of the street car system from horse propulsion to electrio power. It was held that the renewal grant was not void because of Section 9102, General Code (Section 2502, Eevised Statutes), and was not a release within the meaning of that section, but a modification of the former franchise made in good faith for a sufficient consideration. That case was. inferentially approved by this court when it refused leave to file a petition in error from the superior court of Cincinnati (19 Wkly. Law Bui., 74).
The same section was under review by the Supreme Court of the United States in City of Cleveland v. Cleveland City Ry. Co., 194 U. S., 517, 537, 24 Sup. Ct, 756, 763 (48 L. Ed., 1102), where Mr. Justice White stated, that in Ohio it was held: ■
‘‘On reasoning commending itself, that a modification of a contract between a municipality and the owner of a street railroad, made in good faith for the better accommodation of the public, is not void by virtue of said Section 2502 of the Eevised Statutes of Ohio [Section 9102, General Code].”
Whether the officials of a municipality or county may release a grantee from the obligations of an existing franchise depends upon whether the public has received a substantial consideration therefor. If the public did not receive a quid pro quo, if its representatives did not act in good faith in protecting the public interest, but absolved the company from its contractual obligations without obtaining a corresponding consideration advantageous to the public, manifestly the grant would be inhibited under the section quoted. However, in this case no fraud or bad faith on the part of the commissioners is *556 claimed. We must take the situation confronting the board of county commissioners and the traction company as it was, when the franchise was renewed on October 13, 1920. Less than five years of the existing term of that franchise remained. The traction company represented its inability to finance the expenditure required by the improvement, that it was unable to borrow the necessary funds therefor because of the short term which the franchise had to run, and that a longer term would be necessary in order to finance the proposed improvement at its own expense. The board recognized this fact in its preamble recital, which stated that this expenditure would “not be justified for the short life of the present franchise,” that the renewal of the rails and pavement would exist long after its expiration, and that “the public interest requires and demands that said improvement be made and that said grant should be made.” In the meantime the public utility act had been adopted by the state, by operation of which rates of fare filed by a utility would be subject to the supervision of the public utilities commission. Furthermore, it appears that some of the provisions contained in the earlier franchise, relating to improvements, were changed in the last franchise, which in some respects enlarged the obligations of the traction company in that regard.' It also appears from the answer that the traction company after its acceptance of the last franchise fully complied with many of the stipulations therein imposed upon it in respect to the improvements which the public officials required.
On the facts pleaded we are therefore constrained to hold that the action of the board of county com *557 missioners in granting the franchise of 1920 was not a release of the obligations of the grantee under the prior franchise, but a modification thereof made in good faith for the accommodation of the public. The writ is denied.

Writ denied.

Marshall, C. J., Wanamaker, Robinson, Matthias, Day and Allen, JJ., concur.